NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0009n.06
Filed: October 6, 2004

Case Nos. 03-1969/1970

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| ERNEST BEATTY and MARY BEATTY, )<br><br>Plaintiffs-Appellants, )<br><br>AMERICAN FELLOWSHIP MUTUAL )<br>INSURANCE COMPANY, )<br><br>Plaintiff-Appellant, )<br><br>v. )<br><br>SUNBEAM CORPORATION, )<br><br>Defendant-Appellee. ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |

Before: NORRIS and DAUGHTREY, Circuit Judges, and OLIVER,[*] District Judge.

PER CURIAM. The plaintiffs, Ernest and Mary Beatty and the American Fellowship Mutual Insurance Company, filed products liability actions against Sunbeam Corporation in April 1999, asserting that a Sunbeam electric blanket caused a fire in the Beattys' home in November 1996. The complaints had been consolidated and were ready for trial when, in 2001, Sunbeam filed voluntary petitions for bankruptcy under Chapter 11 of the United States Bankruptcy Code, thereby effecting an automatic stay of this litigation. The stay was lifted in December 2002, and a month later, the plaintiffs moved to amend their complaints

---

[*]The Hon. Soloman Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

to "add and substitute" Sunbeam Products, Inc., as a defendant. They asserted that they had discovered that Sunbeam Products, a wholly-owned subsidiary of Sunbeam, was the actual manufacturer of the blanket. The district court denied their motions to amend, concluding (1) that granting leave to amend would be futile because the statute of limitations had run and (2) that the amendments could not relate back, pursuant to Federal Rule of Civil Procedure 15(c)(3), because the plaintiffs were not seeking to correct a misnomer but to add a party or to substitute one corporate entity for another.

The plaintiffs appeal, arguing that the district court erred in denying their motions to amend and dismissing their complaints.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in denying the motions to amend and dismissing the complaints. Because the reasons why judgment should be entered for the defendant have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its opinion and order dated June 25, 2003.